■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ALBERT MYERS, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a conviction of first degree manslaughter, defendant's principal claim is that the hearing court erred in failing to suppress three incriminating statements defendant made to the police in the parking lot of the police station shortly after the shooting. There is no merit to this claim. Defendant voluntarily made the first two statements about the incident, without prompting by the police, while he was not in police custody (see, Miranda v Arizona, 384 US 436, 478; People v Bodner, 75 AD2d 440, 445). Although defendant was in custody when he made the third statement, regarding the location of the alleged murder weapon, the statement was made voluntarily and spontaneously (see, People v Maerling, 46 NY2d 289; People v Kaye, 25 NY2d 139, 145). The court properly denied defendant's motion for a mistrial based upon hearsay testimony from a neighbor of the victim. The court promptly sustained defense counsel's objection and instructed the jury to disregard the testimony. The court erred in permitting a witness to testify that he loaned the murder weapon to the defendant. This was primary evidence derived from defendant's statement to the police which the court had suppressed. Therefore, it does not come within the inevitable discovery exception to the exclusionary rule (see, People v Stith, 69 NY2d 313). The error is harmless, however, because there is no significant probability that the jury would have acquitted the defendant had it not been for the error (see, People v Crimmins, 36 NY2d 230, 242). We have considered defendant's remaining claims and find that each one lacks merit. (Appeal from judgment of Ontario County Court, Henry, Jr., J.—manslaughter, first degree.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.